# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0017V
UNPUBLISHED

| | |
|---|---|
| ANTHONY LAWLER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 27, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Table Injury;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for petitioner.

*Christine Mary Becer, U.S. Department of Justice, Washington, DC,* for respondent.

### RULING ON ENTITLEMENT[1]

  On January 3, 2019, Anthony Lawler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges a Table claim that he suffered a left shoulder injury related to vaccine administration ("SIRVA") after receiving the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on July 12, 2017. Petition at 1, ¶¶ 1, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 24, 2020, I made a factual finding, determining there is preponderant evidence to establish that Petitioner's manifestation of onset after vaccine administration occurred within 48 hours. Fact Ruling at 2, 6, ECF No. 24.

Respondent has filed an amended Rule 4 report indicating that "[w]hile preserving his right to appeal the Chief Special Master's June 24, 2020 Findings of Fact, [R]espondent submits that [P]etitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for SIRVA." Rule 4 Report, filed Aug. 25, 2020, at 2, ECF No. 29 (citing 42 C.F.R §§ 100.3(a)(XIV) and (c)(10) (applicable portions of Vaccine Table and QAI)).  Respondent adds that "based on the record as it now stands and subject to his right to appeal the Findings of Fact, [R]espondent does not dispute that [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

> <u>s/Brian H. Corcoran</u>
> Brian H. Corcoran
> Chief Special Master