# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0017V
UNPUBLISHED

| | |
|---|---|
| ANTHONY LAWLER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 9, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for petitioner.

*Christine Mary Becer, U.S. Department of Justice, Washington, DC,* for respondent.

**DECISION AWARDING DAMAGES**[1]

On January 3, 2019, Anthony Lawler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged a Table claim that he suffered a left shoulder injury related to vaccine administration ("SIRVA") after receiving the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on July 12, 2017. Petition at 1, ¶¶ 1, 2019. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 27, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On October 9, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $40,000.00 representing compensation for his pain and suffering. Proffer at 1. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $40,000.00 representing compensation for Petitioner's pain and suffering in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                              )
ANTHONY LAWLER,                              )
                                                              )
        Petitioner,                             )
                                                              )           No. 19-17V
    v.                                                    )           Chief Special Master Corcoran
                                                              )
SECRETARY OF HEALTH AND           )
HUMAN SERVICES,                              )
                                                              )
        Respondent.                           )
_____)

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 3, 2019, Anthony Lawler ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on July 12, 2017. Petition at 1. On August 25, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report requesting a ruling on the record regarding petitioner's entitlement to compensation. On August 27, 2020, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.

**I.**     **Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $40,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $40,000.00, in the form of a check payable to petitioner.

## III.   Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Anthony Lawler:                              **$40,000.00**

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                                                   <u>s/Christine Mary Becer</u>
                                                   CHRISTINE MARY BECER
                                                   Trial Attorney
                                                   Torts Branch, Civil Division
                                                   U.S. Department of Justice
                                                   P.O. Box 146
                                                   Benjamin Franklin Station
                                                   Washington, D.C. 20044-0146
                                                   Tel: (202) 616-3665

DATED: October 9, 2020